UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7354 FMO (ASx) | Date | November 16, 2022 |
|---|---|---|---|
| Title | Christopher Kawata v. Me & Brothers Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):   Attorney Present for Defendant(s):

None Present                                None Present

**Proceedings:**     (In Chambers) Order Remanding Action

On July 11, 2022, plaintiff Christopher Kawata ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Me & Brothers Inc. ("MEI") and Julio Barrientos ("Barrientos") (collectively, "defendants"). See Christopher Kawata v. Me & Brothers, Inc. ("Kawata I"), CV 22-5404 FMO (C.D. Cal.) (Dkt. 12, Court's Order of August 16, 2022, at 1). On August 1, 2022, MEI removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (Id.). The court remanded the case on the ground that MEI failed to allege the citizenship of Barrientos, and therefore, failed to show diversity jurisdiction. (Id. at 2-3). On August 22, 2022, MEI removed the action a second time again on the basis of diversity jurisdiction. (See Christopher Kawata v. Me & Brothers, Inc. ("Kawata II"), CV 22-5945 FMO (C.D. Cal.) Dkt. 1, Notice of Removal at ¶ 4). On September 19, 2022, the court remanded the action for lack of subject matter jurisdiction. (Dkt. 10, Court's Order of September 19, 2022). On October 10, 2022, MEI removed the action a third time on the basis of diversity jurisdiction. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 4).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3, 126 S.Ct. 1854, 1861 n.3 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7354 FMO (ASx) | Date | **November 16, 2022** |
|---|---|---|---|
| Title | **Christopher Kawata v. Me & Brothers Inc., et al.** | | |

stated, are strictly construed against removal jurisdiction.[1]  See id.  Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same).  A removing defendant bears the burden of establishing that removal is proper.  See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

When a case is remanded for lack of subject matter jurisdiction, as happened in this case, 28 U.S.C. § 1447(d) bars review of the remand order "on appeal or otherwise."  See Kircher v. Putnam Funds Trust, 547 U.S. 633, 640, 126 S.Ct. 2145, 2153 (2006) ("[W]e have relentlessly repeated that any remand order issued on the grounds specified in § 1447(c) is immunized from all forms of appellate review, whether or not that order might be deemed erroneous by an appellate court.") (alterations and internal quotation marks omitted).  "This language has been universally construed to preclude not only appellate review but also reconsideration by the district court."  Seedman v. U.S. Dist. Ct. For Cent. Dist. Of Cal., 837 F.2d 413, 414 (9th Cir. 1988) (per curiam).  "In light of the prohibition against review of a remand order in § [1447(d)], once a district court has remanded a case, a defendant generally may not remove the case to federal court a second time."  Leon v. Gordon Trucking, Inc., 76 F.Supp.3d 1055, 1061 (C.D. Cal. 2014) (internal quotation marks omitted).  Stated differently, a party is "not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action."  Allen v. Utiliquest, LLC, 2014 WL 94337, *2 (N.D. Cal. 2014).  The general prohibition of successive removals does not apply, however, "when subsequent pleadings or events reveal a new and different ground for removal."  Kirkbride v. Continental Casualty Co., 933 F.2d 729, 732 (9th Cir. 1991) (internal quotation marks omitted) (emphasis in original); Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015) (same).

Here, MEI attempts a third removal based on the same ground – diversity jurisdiction.  (See Dkt. 1, NOR at ¶¶ 4-5, 7).  After failing to allege Barrientos's citizenship in Kawata I, MEI belatedly did so in Kawata II.  (See Kawata II, Dkt. 1, NOR).  However, MEI does not convincingly show that Barrientos' citizenship is new information that MEI did not know (or should have known) at the time of its first or second removal.  (See, generally, id. at ¶ 11).  Thus, MEI has not presented a "new

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7354 FMO (ASx) | Date | **November 16, 2022** |
|---|---|---|---|
| Title | **Christopher Kawata v. Me & Brothers Inc., et al.** | | |

and different ground for removal." Kirkbride, 933 F.2d at 732 (emphasis omitted).  Therefore, the general prohibition on successive removals applies, and the court will remand this case to state court.

  **This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

  Based on the foregoing, IT IS ORDERED that:

  1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

  2.  The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | gga |